Good morning. If it pleases the court, Frank Weiser on behalf of the appellants. I'd like to address first the issue of the evidence, then the pleadings, and then the issue that had been raised in the briefest by the city as far as subject matter jurisdiction. I was the counsel at the administrative hearing, and it's, I think, important to understand that my challenge to the Long Beach Municipal Code search ordinance, the motel search ordinance, wasn't in a vacuum. And I believe that's 5.80.010. The Patels had bought the motel sometime in late 2002 or early 2003. The city had contended that this was a problem motel. The evidence, as it showed in the administrative record, was that the concentration of the city's position was in 2007. The police officer, one of the police officers, went out there, asked for records under that ordinance, was refused by Mr. Patel, and then they did four undercover investigations. In each investigation, the city was contending that the Patels were not keeping the very same ordinance, 5.80.010, a different section of the ordinance dealing with short time, not to rent the rooms for short time. I've read, you know, your briefs on this. So let me ask you this. As I understand it, and correct me if I'm wrong, the hotel has been out of operation since 2009. Is that correct? No. They've been operating. And recently, in fact, I was going to mention it to the court. The city filed a state- When did they come back into operation? They were shut down for a period. No, they were not. So they have been in operation all that time. In fact, they've been collecting tax for the city, and the city has been accepting- So then what's the- I don't understand what the debate- Well, they are operating without a license, a business license, and the city contends that, and they have now- The city has just never moved to shut them down. Well, they have now moved. What they've done is they filed a nuisance abatement action under state law in Long Beach Superior Court. We had an extensive preliminary injunction hearing with Judge Kim in that court. He extended over three, four months. Couldn't you be making the same state law arguments that you're contending should be in federal court in that abatement? Well, my concern is, and I think it's important to understand because I believe that Judge Clifton or the panel, when they ordered the district court to review what the impact was of their finding that the ordinance was facially unconstitutional under Fourth Amendment, was clearly that they wanted to see if any of the issues in the mandamus action had preclusive effect because of the finding that that particular ordinance was unconstitutional on its face. I think that was the main issue why they had remanded it back. Now- Whoa, whoa, whoa. So there's a federal issue and there's a state law issue, right? I mean, I think what you're trying to pursue now is just a state law question, right? A state law cause of action? The state law cause of action includes, we are indicating both in the administrative record, federal issues. The main federal issue being the Fourth Amendment. But I thought the Fourth Amendment issue has already been settled at this point and decided. Isn't it gone? No, no. The Fourth Amendment issue that had been settled was a post-revocation license, post-license revocation seizure of records. But the actual ordinance itself, which was brought up in the actual pre- Right, we have additional Fourth Amendment. That's correct. Fourth Amendment-like. So is your basis, though, for asking for the federal court to do anything at this point just supplemental jurisdiction, just that because you once had a federal claim, you should have the court should have exercised this discretion to hear the state law-related claims? And in addition, the first panel had instructed the court to find out whether there was any preclusive effect on the fact that- But I'm just trying to understand what your basis for federal jurisdiction is. And I think it's supplemental jurisdiction. I don't think you've ever argued that there's federal question jurisdiction over this state mandamus- Correct. State writ of mandate, right? Correct. Yeah. Okay. So we're just dealing with whether the court should exercise- 28 U.S.C. 1367. And why are you so eager to have this state writ of mandate question decided in federal court instead of in state court? Well, I hadn't- The court is familiar with it, I think, so the long history of the litigation, so I think- Well, I'm not sure the court is familiar with it. As I understand it, the court said we're not even touching the state law question. That was that we're going to wait and see how the federal claims turn out before we even turn to the state law questions. And that was one of the questions I had is how much involvement has the district court had in the state law questions? Well, I think- It's an administrative question, so there's no discovery on it. So how invested is the federal court on this? But that administrative mandamus action, one of the central underpinnings of it is the issue of the constitutionality of 5.8010. At the administrative hearing, I had raised because- But if that's true, then that's a federal question. That's not supplemental jurisdiction. Well, I think one can argue, but I think the way it evolved- Well, you didn't argue it. In the pleading, the way it had evolved is I had brought a 42 U.S.C. 1983 action. That's where federal question, original federal question jurisdiction arose. And I added on a petition for writ of mandate. And in the petition for writ of mandate, I indicated on the face of the pleadings that there were federal issues. But in the record itself, in the petition itself, the record, the administrative record, clearly raised federal issues. But you were just telling me it's not a federal question. That's why I was asking that question. Well, it's a state law question. It's a supplemental jurisdiction. I pled it as a 28 U.S.C. 1367 supplemental jurisdiction question. It's a state law, but it includes within it federal issues. It includes within it the central issue being the 5.8- If you were right about that, then I think you're right. But that's not what has been pitched up to us. And so, Mike, I mean, you've brought up a claim that this is a supplemental jurisdiction. That's what you just conceded. And is there any case that you can cite to us where a federal district court has refused to exercise supplemental jurisdiction and we have reversed them for abuse of discretion? I couldn't find one. Well, but the reason why the court here, and I litigated a case before the circuit years ago, that was cited by the city, 103F3868, in which Judge Gadboy at the district court level refused to hear an inverse condemnation action. It was brought with a 1983 action. But in all the cases, I think, that you're citing, Your Honor, Judge Nelson is- I haven't cited a case. Where the court does decline jurisdiction, they do it under 28-1367C1-4 and give a reason why, in fact, they're declining jurisdiction. So that's your complaint, that the district court didn't give a reason? One of the reasons. But once again, remembering the procedural history of this case, it was another panel of this court that instructed the district court to determine whether, in fact, they're finding that the particular ordinance in question was facially unconstitutional under the Fourth Amendment, what impact it had on the supplemental jurisdictional petition for writ of mandate. That was brought by this court. This court asked for that. You just cited Patel v. Penman, and I thought that case was not favorable to your position because there, our court said that the remaining Fourth Amendment claim was a slender Federal read of which the base jurisdiction and the significant work to be done was on the writ claim, and so it shouldn't be in Federal court. Maybe I didn't make myself clear, Your Honor. I apologize. But what I am saying is, is that in all the cases that I know of, and particularly in the Penman case, in the Patel case, those were cases where the court declined jurisdiction under 28 U.S.C. 1367 C.1-4. The court didn't do that in this case. Okay. We don't have a reason other than the court was instructed by a panel of this court to determine what the impact was of the finding of the holding that the particular had on the supplemental claim. Go ahead. Can you point? So it seems like there may be a variety of things the district court could have said about why it wasn't taking, keeping supplemental jurisdiction over this case. You may actually have a point that the district court didn't explain it very well, but does it benefit you to send it back just for a better explanation? Well, I think one issue here is once again what I had indicated earlier. I think one of the motivating factors by the panel in sending it back to the district court was not just reinstatement of the claim, but they specifically instructed what is there a preclusive effect in the administrative mandamus petition because of our finding that this ordinance was facially unconstitutional. The panel didn't have the administrative record in front of it. But I mean, a state court could figure that out. I mean, what's the problem with a state court considering the writ of mandate and deciding whether there's preclusive effect? But now the problem is is that there will be a preclusive effect of Judge Barat's finding that there is no Fourth Amendment claim in the petition for writ of mandate. So had Judge Barat had it been – and Judge Barat's a wonderful judge. Don't get me wrong. Well, but he didn't really have a choice on that. Isn't that consistent with the Supreme Court decision? I don't – I thought the Supreme Court decided the Fourth Amendment question. The Supreme Court – I litigated the Patel case. And the Supreme Court found that these type of ordinances are facially unconstitutional under the Fourth Amendment. At the time that the panel sent it back to Judge Barat or actually to the district court – Judge Collins was still sitting in the district court at that time – we had the en banc decision under Patel versus City of Los Angeles. So – but the panel specifically said, we want to know, ask – the district court should determine whether there is any effect on the administrative mandate of this petition. Before it's said, plaintiff's complaint does not plead any Fourth Amendment basis for a State law claim. So the fact that the Ninth Circuit found the statute unconstitutional has no impact on the State law claims. Is that – was the district court wrong when it said that? Wow. What I'm saying is, is that even if we had a clear record of why it was declining jurisdiction, what I'm saying is, is that now if we go back and we file in a State court – Plaintiff doesn't plead any Fourth Amendment basis. But – So there's no Federal question. Well, that's a different issue, whether in fact the evidence supported a Fourth Amendment claim. And I believe there is, both on the pleading and the evidence. And I was going to get to that. But the point, what I'm saying is – But you didn't put that in your briefs. I mean, you're making that, as I understand it, for the first time here. In fact, you've given contradictory statements in oral argument. Well, in terms of what, your argument? Of whether there's a Federal question still remaining at issue. I mean, you've said – I thought you said at the beginning of this argument, and I read your briefs, to say it's supplemental jurisdiction. Now you're trying to bootstrap it in again and say, well, no, the remaining state claims really embody a Federal question. Well, it's a state cause of action. It is not a Federal cause of action. But a state cause of action can have within it embodied a Federal issue. Exactly. But you haven't argued that before. Well, certainly we argued it. We argued throughout the proceeding that the mandamus petition included a Fourth Amendment claim. On the face of the pleadings, we included a litany of different Federal claims in the petition written mandate. Of course, the city claims we did not plead the Fourth Amendment on the face of the petition written mandate. I don't believe we had to do that under the Woods case. I understand what you're saying. You're saying that, well, we have a cause of action that arises under State law. Correct. And when we litigate that State law claim in the State, if we were to do that, we would raise some Fourth Amendment issue. A suppression of the evidence. Is that good enough to say that this is, that the district court had to exercise supplemental jurisdiction over the State law claim? Maybe yes, maybe not. But had Judge Barat, and once again, I believe Judge Barat is an outstanding judge, yours. But had he said, okay, I'm not going to reinstate the claims, but I do find that I had raised the 5.8010 directly in the administrative record. The Court of Appeals, this Court had found that was facially unconstitutional under the Fourth Amendment. I don't have enough of the record to determine what the impact is. Sent it back to a State court. We would not be precluded to raise that in a State court proceeding. We are now precluded from raising it in a State court proceeding. What you're upset about is his statement that the State writ of mandate doesn't really make a Fourth Amendment claim. It's that sentence. And that's what the District, and that's what the Court of Appeals asked. Now, I believe that he should have reinstated it and we could have litigated it in his court. But being that as it may, as I said, we are now prejudiced because of the fact that we cannot make that Fourth Amendment claim even in a State court. And I know. I wonder if you're right, though, because he dismissed for lack of jurisdiction. I mean, isn't there usually not preclusive effect when it's a dismissal? I mean, he's not exercising jurisdiction over the State lawful claim. No. It's an issue of preclusion issue. It's not a claim preclusion issue. And so he's now made a finding. And that is what the do. I mean, whether a State court would actually think they were bound by that seems very debatable. So if that's why you're bringing this appeal. Well, once again, I'm not saying that he shouldn't. I mean, I certainly have argued that he should have reinstated the claim. But I'm saying that even given the way the panel is talking now and the way the city has argued that he could have easily just declined it. So let me ask this. What if we agreed with you he didn't do a very good job explaining? So what if we said we vacate his decision but affirm on other grounds here's the reason we think this shouldn't have been in Federal court? Would you be happy? Well, it would certainly be a lot better than now because I cannot raise that in a State court. I think I'm precluded from raising it. And I'm certainly. Okay. I think we understand your argument. I don't think you really want to argue that. Well, I'm not waiving the issue of reinstating the claim. All I'm saying is that that is certainly. It seems to me that was a motivating factor of what a panel of this court had asked the district court to do. And he did it. He just didn't answer it the way you wanted. Well, obviously. Okay. Well, thank you. We understand your argument. We're over your time. Thank you. Good morning, Your Honors. May it please the Court. My name is Alex Brand. And I'm here on behalf of the respondent, the City of Long Beach. Your Honors, by this appeal, appellants seek to force a district court to exercise subject matter jurisdiction over a purely State law claim when there was no basis in Federal law to do so. This court should affirm the district court's decision in order to protect the proper balance between the State and Federal courts. So it seems that your brief kind of implicitly acknowledges that there is a problem with the explanation that the district judge gave. Because the district judge seems to have thought that the refusal for supplemental jurisdiction was under 1367C3. But C3 only applies when the original jurisdiction claims have all been dismissed. And our court in trustees, construction industries and laborers, health and welfare trust said when there's been any kind of favorable determination of a claim, which I think this was on the Fourth Amendment because there was the settlement that was actually favorable, that that doesn't count as a dismissal. So it does seem like there is a problem in the district court's explanation of relying on C3. Do you agree with that? I don't remember offhand if the district court directly relied, if he specifically mentioned C3. I know he says that they didn't plead a basis for the fourth, a federal basis for the state law writ of mandate claim. But even if the judge specifically relied on 1367C3 under the harmless error doctrine, there is more than enough law and evidence in the record to affirm the district court's decision both under 1367C2 as well as the fact that there's no federal question jurisdiction for the state law claim. Well, there doesn't need to be federal question jurisdiction because this is a supplemental jurisdiction question. So, but C2 might be a basis for affirming on other grounds. That's correct, Your Honor. One thing I want to clarify, just because there seemed to be some confusion about what the Fourth Amendment claim was, and then I will address the 1367 argument. In the complaint, the alleged Fourth Amendment violation, or I guess the Fourth Amendment violation because it was resolved, took place on April 29, 2008. It was an illegal search and seizure of motel business records. The business license that was revoked, which is the basis of the writ of mandate claim, that took place on April 22, 2008, a week earlier. So that Fourth Amendment violation played no role in the revocation of the basis claim. But he seems to be arguing, to the extent I can understand it, that there's a Fourth Amendment aspect to the challenge, to the remaining state law claims. And that's nowhere in the complaint. In the complaint, the only alleged violation of the Fourth Amendment is the April 29th violation. Later in the complaint, this is paragraph 33. It's on page 12 of the record. They state that the revocation of the business license violates numerous state and Federal laws. And then they say, and I quote specifically, although not limited to, he then lists a litany of Federal violations, but he never lists the Fourth Amendment. But he does list other Federal violations. Why isn't that enough? Should we just disregard this potential kind of Federal jurisdiction because it hasn't been addressed? Those Fourth Amendment violations, Your Honor, are the same violations that supported his other Federal claims. And all of those Fourth Amendment violations were dismissed. So when this case was remanded from this circuit back to the district court, the only Federal issue that was left was the Fourth Amendment claim. Can I ask, does this arise out of the same transaction or occurrence? The state law claims and the Fourth Amendment claim, that was one thing I was kind of struggling with, is maybe these never should have been kept together in the first place. That's our position, Your Honor. Under 1367, both 1367 and the Supreme Court in United Mine Workers v. Gibbs set out the general rule that in order for a court to have supplemental jurisdiction, it needs to arise out of the same set of facts and circumstances such that it would make sense for the two cases to be tried together. And that's not what we have. The Fourth Amendment claim — You cited — so you cited an Eleventh Circuit case for — in support of this argument that that's a reason to dismiss. I tried to find a Ninth Circuit case. I mean, did you look for a Ninth Circuit case, too, and not find one? Because it's actually hard to find cases applying this principle. I did, Your Honor. And I believe the reason why I can't find one is because the standard here is abusive discretion. And so unless the court's decision for declining supplemental jurisdiction is illogical and beyond reason, I just don't think this issue gets appealed that often. And so, yeah, so like I was saying, this is — the Fourth Amendment claim is based on a legal seizure of business records. The writ of mandate claim is based on the revocation of a business license. These two issues focus on completely different sets of facts, completely different sets of law, and they can't even be tried together in the same trial. The Fourth Amendment issue will be tried to a jury. The writ of mandate claim will have to have a completely separate trial with briefing, and it's tried to the bench at an administrative hearing. How invested was the district court on these state law questions? Because that — I mean, it seems to me that there's a stronger argument — I don't know if it crites to abusive discretion, but if a district court has been heavily involved in both federal and state law questions, and then the federal questions get dismissed, that he should exercise supplemental jurisdiction here. That doesn't seem like that's what happened here. It seems like he treated them separately, and he sort of pushed them off to the side. Am I misreading that? That is exactly correct, Your Honor. In fact, I believe it's page 4 of the supplemental record. Yes, it's page 4 of the supplemental record submitted by the city. Previously in the district court case, the parties had requested a briefing schedule. This was in the very beginning of the case. And in that instance, the district court actually declined to set a briefing schedule for the writ of mandate issue, specifically stating that the federal issue should be resolved before the writ of mandate issue is handled. And was there discovery on the Fourth Amendment question? I assume there was. I believe there was, Your Honor. I take it there was no discovery on the state law question, because it's an administrative record review. Under California law, Your Honor, there is no discovery done on this type of writ of mandate claim. It's purely handled on the city's administrative record that the city provides. And the city hadn't even prepared the administrative record. Can they bring it? You've got a... By the way, so the city's allowed them to operate without a business license for the last 10 years? No, Your Honor. It's been a very challenging process with them. We've spent years taking less invasive forms of enforcement action to gain compliance with the municipal code, everything from just warnings, asking them to comply, to administrative citations, to criminal citations. It got to the point where the city couldn't tolerate it any longer, and we recently received an injunction to close the motel. Oh, you got an injunction. So the motel now is closed. We're in the process of serving the injunction to close the motel. We got a preliminary injunction, Your Honor. But, Judge Nelson, you are correct that this all could be handled in the state court. Would there be a time bar at this point? No, Your Honor. I don't know the federal statute offhand, but since this case has been pending for the entire time... Do you think there'd be tolling? There is tolling. If this court were to affirm the district court's decision, they'll have 30 days from that date to file in state court. And it seems like he's very upset about a sentence that the district court had in the ruling. So do you care if that sentence is in the ruling? I mean, if we say we're vacating but affirming on other grounds what the district court said, we're getting rid of, but we're going to give other grounds for dismissing this case, would you be perfectly happy? We are fine with that, Your Honor. I believe our brief sets out numerous grounds to affirm the district court's decision. So you're not wedded to this sentence about the writ of mandate not including the Fourth Amendment that he gave along the way in explaining the dismissal? No, Your Honor. Just because I know there also seemed to be this issue of federal question. What I think the appellant is trying to do is raise an issue that was discussed in Gun v. Minton where the state law claims had this embedded federal issue. The problem with that argument, to the extent that's what the appellant is raising, is that the issue has to be substantial to the federal system as a whole, and this simply is not. In Gun, the issue, the ultimate issue was ultimately more important than what we have here. It's a patent litigation, which is the exclusive jurisdiction of this court, of the federal courts. And even then, that was not sufficient to give it federal jurisdiction. Here we have a minor Fourth Amendment issue, if at all. We don't even know what it is because it's not pled. And to the extent it does exist, it's merely evidence in support of the writ of mandate claim. It provides no precedential value. Basically, it's up to the state courts to decide the licensing issues. Right. The ultimate crux of the state law claim to be decided is a state law issue, whether the business license should be revoked. I see my time is up. I just like to say there's no reason for this claim to be in federal court any longer. There's no basis in federal law for it to be there. I thank you for your time. Thank you. Thank you, both sides, for the arguments. You've used up all your time, so the case is submitted.
judges: Schroeder, Friedland, Nelson